IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SOUTHSIDE/3500, LTD. | § | |
| | § | |
| | § | |
| | § | |
| Plaintiff | § | |
| v. | § | CASE NO. _____ |
| | § | |
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION | § | |
| | § | |
| | § | |
| Defendant | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW Plaintiff, SOUTHSIDE/3500, LTD., ("Plaintiff"), complaining of Defendant JPMorgan Chase Bank, National Association ("Chase") and for causes of action would respectfully show the Court as follows:

### I. PARTIES

1. Plaintiff is a Texas limited partnership, organized and existing under the laws of the State of Texas, with its principal place of business in Harris County, Texas.

2. Defendant, JPMorgan Chase Bank, National Association (hereinafter "Chase") is national banking association, organized under the laws of the United States of America and having its principal place of business in New York, New York, and its main office is located in Columbus, Ohio. Chase transacts business in Texas and maintains a registered agent for service of process and may be served by serving that registered agent, CT Corporation System, at 350 N. St. Paul, Dallas, Texas 75201.

## II. JURISDICTION AND VENUE

3. The property which is the basis of this suit is located in Harris County, Texas. Harris County was the county that performance was due under the governing contracts. Venue is proper the Southern District of Texas pursuant to 28 U.S.C. §1391(a), (b) and (c) because this is a lawsuit between a landlord and tenant under a lease and because Harris County is within the Southern District of Texas and is where all or a substantial part of the events giving rise to the claims occurred.

4. This Court has jurisdiction over this case under 28 U.S.C. §1332(a) because there is complete diversity and the damages sought are excess of $75,000.00, exclusive of interest and costs.

## IV. FACTUAL ALLEGATIONS

5. On or about September 14, 2007, Plaintiff entered into that certain Ground Lease (the "Lease") with Washington Mutual Bank ("WAMU"). The Lease pertained to certain real property located in Harris County, Texas, and described in the Lease as: 3501 West Holcombe Blvd., Houston, Texas 77025 (the "Property").

6. On the morning of September 25, 2008, the Office of Thrift Supervision appointed the Federal Deposit Insurance Corporation ("FDIC") as receiver for WAMU. The FDIC accepted that appointment and took possession, ownership and control of all the assets and liabilities of WAMU. Thereafter, the FDIC and Chase executed that certain Purchase and Assumption Agreement (the "PAA") whereby the FDIC sold, conveyed, assigned, transferred and

delivered to Chase certain of the assets and liabilities of WAMU, including, but not limited to the Lease

7. Thereafter, despite the assignment of the Lease to Chase, Chase denied its liability under the Lease and refused to perform the obligations under the Lease, including but not limited to, paying the monthly rentals and other charges due under the Lease. Plaintiff provided Chase with notice of its breach of the Lease. Chase has failed to comply with its obligations under the Lease and is in default thereof, entitling Plaintiff to the remedies set forth in the Lease and/or Texas common law. The actions of Chase constitute an abandonment of the Lease, a repudiation of the Lease and/or anticipatory breach of the Lease.

## V. CAUSE OF ACTION—BREACH/ABANDONMENT/REPUDIATION OF LEASE

8. Plaintiff alleges and incorporates herein by reference all pleadings set forth above. The actions of Chase as set forth herein constitute a breach of the Lease and/or anticipatory breach of the Lease and/or abandonment of the Lease and/or repudiation of the Lease and entitle Plaintiff to damages as allowed by the Lease and/or Texas common law. Such damages are in excess of the minimum jurisdictional limits of this court. All conditions precedent for Plaintiff's right to recover said damages have been satisfied or waived by Chase's conduct as set forth herein.

## VI. ATTORNEYS' FEES

9. As a result of Defendant's conduct, Plaintiff has had to retain the undersigned attorney to represent it. Therefore, Defendants are liable for reasonable and necessary attorney's fees under the terms of the Lease and under Texas law. All conditions precedent to Plaintiff's right

to recover its reasonable and necessary attorneys' fees and expenses have occurred or been waived by Chase.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant be served with process and ordered to appear, and that upon final hearing, that judgment by entered against Defendant for:

1. actual damages as found by the trier of fact;

2. prejudgment and post-judgment interest as allowed by law;

3. attorneys' fees and expenses;

4. costs of court; and

5. such other relief, general and special, in law or in equity, as this court finds Plaintiff is justly entitled.

Respectfully submitted,

**KASLING, HEMPHILL, DOLEZAL & ATWELL, L.L.P.**
700 Lavaca Street, Suite 1000
Austin, Texas 78701
Telephone: (512) 472-6800
Facsimile: (512) 472-6823

By: *R. Kemp Kasling*
R. Kemp Kasling
State Bar No. 11104800

**ATTORNEYS FOR PLAINTIFF**

4